UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **AIG PROPERTY CASUALTY COMPANY**<br><br>*Plaintiff,*<br><br>v.<br><br>**TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITZ, and WILLIAM H. COSBY, JR.**<br><br>*Defendants.* | Civil Action No.  3:15-CV-30111-MGM<br><br>**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY AIG PROPERTY CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY RELIEF**<br><br>**REQUEST FOR ORAL ARGUMENT** |

Defendant William H. Cosby, Jr. hereby moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to stay this action. This motion is brought on the grounds that the complaint filed by AIG Property Casualty Company fails to state a claim upon which relief should be granted because:

(A) Pursuant to 28 U.S.C. section 2201, the Declaratory Judgment Act, this Court has substantial discretion to decline to exercise jurisdiction over an action for declaratory relief. This court should abstain from addressing AIG's declaratory relief claims based on the abstention doctrine first espoused in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), as specifically applied to insurance coverage cases by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), because an alternative state court forum is readily available and is the more appropriate forum for resolving the issues presented here; and

(B) This Court should abstain from entertaining AIG's declaratory relief action based upon *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), given the pendency of the underlying lawsuit, the importance of avoiding piecemeal litigation, the availability of a more suitable state law forum, the inconvenience

and prejudice inherent in this declaratory relief action, and in light of AIG's procedural fencing.

(C) Alternatively, in accord with principles espoused in *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993) and followed by a plethora of jurisdictions, this action should be stayed pending the resolution of the underlying action because it involves issues at the core of an underlying lawsuit that cannot be addressed now without substantial prejudice to Mr. Cosby.

This motion is made following a conference of counsel pursuant to Local Rule 7.1, which took place on July 22, 2015. This motion is based on the accompanying Memorandum of Law, the Declaration of Kimberly A. Umanoff, and all files and records in this action.

**REQUEST FOR ORAL ARGUMENT PURSUANT TO RULE 7.1**

Mr. Cosby respectfully requests that the Court allow oral argument on this motion.

Dated: September 14, 2015

The Defendant
WILLIAM H. COSBY, JR.
By His Attorneys:

*/s/ Kimberly A. Umanoff*
Kirk A. Pasich, *pro hac vice*
Kimberly A. Umanoff, *pro hac vice*
Liner LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3518
(310) 500-3350
kpasich@linerlaw.com
kumanoff@linerlaw.com

*/s/ Francis D. Dibble, Jr.*
Francis D. Dibble, Jr., BBO No. 123220
Jeffrey E. Poindexter, BBO No. 631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
(413) 272-6246
fdibble@bulkley.com
jpoindexter@bulkley.com

3

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 7.1

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this 14th day of September, 2015. I further certify that I have complied with the requirements of Local Rule 7.1.

/s/ Kimberly A. Umanoff
Kimberly A. Umanoff

47612.001-2548660

3