UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL DOCKET NO.: 3:15-cv-30111 |
| TAMARA GREEN,<br>THERESE SERIGNESE,<br>LINDA TRAITZ, and<br>WILLIAM H. COSBY, JR., | ) |
| Defendants. | ) |

## AIG PROPERTY CASUALTY COMPANY'S OPPOSITION TO WILLIAM H. COSBY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY

NOW COMES, AIG Property Casualty Company and hereby opposes the defendant William H. Cosby, Jr.'s Motion to Dismiss or, in the Alternative, to Stay AIG Property Casualty Company's Complaint for Declaratory Relief.  As grounds for this opposition, AIG Property Casualty states as follows:

Although the district courts enjoy substantial discretion to administer relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the Motion to Dismiss fails to set forth any compelling reason for the court to refrain from considering the merits of the coverage question raised in the AIG Property Casualty's Complaint for Declaratory Relief.  This Court is a proper forum to adjudicate the narrow coverage issue raised in this case.

AIG Property Casualty seeks an adjudication of whether the exclusions for "personal injury" – a term defined to include "defamation" and "emotional distress" - arising out of any actual, *alleged* or threatened sexual molestation, misconduct or

harassment, or sexual, physical or mental abuse, bar coverage under Massachusetts Homeowners Policy No. PCG 006004261 and Personal Excess Liability Policy No. PCG 006235889 for the defamation claims asserted in the matter captioned *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM (hereinafter the *Green* case), also pending in this Court.

All the claims of claims alleged in the *Green* case fall squarely within the exclusions because those claims all arise out of "alleged" sexual molestation, abuse and/or misconduct. Mr. Cosby has not stated any compelling or legitimate reason for this Court to abstain from deciding the coverage issue or staying the declaratory judgment action.

The Complaint for Declaratory Relief most certainly states a claim upon which this Court can grant relief. "Where there is uncertainty as to whether an insurer owes a duty to defend, the insurer has the option of providing the insured with a defense under a reservation of rights, filing a declaratory judgment action to resolve whether it owes a duty to defend or to indemnify, moving to stay the underlying action until a declaratory judgment enters, and withdrawing from the defense if it obtains a declaration that it owes no duty to the insured." *Metropolitan Property and Cas. Ins. Co. v. Morrison*, 460 Mass. 352, 358 951 N.E.2d 662 (2012)(citing *Sarnafil, Inc. v. Peerless Ins. Co.*, 418 Mass. 295, 304, 636 N.E.2d 247 (1994)).[1]

AIG Property Casualty has proceeded consistent with this Massachusetts authority. It undertook to defend, and is defending Mr. Cosby in *Green* case subject to a

---

[1] At present, Mr. Cosby's Motion to Dismiss in the *Green* case remains under advisement. In the event the court denies that motion, AIG Property Casualty intends to ask the District Court to stay further proceedings in the underlying case pursuant to the authority cited above pending a resolution of the coverage issue raised on the Complaint for Declaratory Relief.

-3-

reservation of rights. AIG Property Casualty seeks a timely adjudication of whether the exclusions apply to bar coverage for the *Green* plaintiffs' allegations. This a pure question of law, and the insurance policies and amended complaint is all the Court needs to decide the coverage issue. It should deny Mr. Cosby's motion to dismiss and instead chose to resolve this question of law post haste.

In further support of this opposition, AIG Property Casualty refers the court to the accompanying memorandum of law filed simultaneously herewith, as well as such other arguments as its counsel may make or advance at a hearing, if necessary.

WHEREFORE, the plaintiff, AIG Property Casualty Company respectfully requests the District Court deny defendant William H. Cosby, Jr.'s Motion to Dismiss or, in the Alternative, to Stay AIG Property Casualty Company's Complaint for Declaratory Relief, together with such other relief as the court deems just and proper.

    Respectfully submitted,
    AIG PROPERTY CASUALTY COMPANY,
    By its attorneys,

    */s/ William A. Schneider*

    William A. Schneider, BBO #636421
    250 Summer Street
    Boston, MA  02210
    Tel: (617) 439-7573
    Fax: (617) 342-4951
    *wschneider@morrisonmahoney.com*

-4-

## **CERTIFICATE OF SERVICE**

      I, William A. Schneider, hereby certify that on September 28, 2015, I electronically filed the above-referenced document with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                            */s/ William A. Schneider*

                                            William A. Schneider