UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br>Plaintiff,<br><br>v.<br><br>TAMARA GREEN,<br>THERESE SERIGNESE,<br>LINDA TRAITZ, and<br>WILLIAM H. COSBY, JR.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL DOCKET NO.: 3:15-cv-30111 |

## MEMORANDUM IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S OPPOSITION TO WILLIAM H. COSBY'S MOTION TO DISMISS

## I.    INTRODUCTION

Abstention is not appropriate.  The narrow issue raised in this case presents a pure question of law.  AIG Property Casualty Company seeks an adjudication of whether exclusions in its homeowners' and personal excess liability policies preclude coverage for all the claims alleged in *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM (hereinafter the "*Green*" case).  Those exclusions preclude coverage for "personal injury" – a term defined to include "defamation, libel or slander" and "shock, emotional distress, mental injury" – arising out of an act of "actual, threatened or alleged sexual molestation."  Without question, all the claims alleged by the Green plaintiffs arise out of Mr. Cosby's denials of the "alleged" sexual molestation, abuse and/or misconduct and, therefore, coverage under the policies does not apply to those claims.[1]

---

[1] *See Memorandum In Support Of Plaintiffs' Motion For Leave To File Second Amended Complaint*, Case 3:14-cv-30211-MGM Document 18, p. 1 (Filed 02/26/15)("This case arises out of a series of alleged sexual assaults and, attempted sexual assaults that Defendant William H. Cosby, Jr. perpetrated against numerous women over the course of many years.").  *See also Howard v. Guidant Mut. Ins. Group., 785*

Mr. Cosby has not stated any compelling or legitimate reason for this Court to abstain from deciding the coverage issue or staying the declaratory judgment action, whether under notions of abstention or otherwise.  In fact, Mr. Cosby apparently has no problem allowing the federal court to adjudicate the merits of a similar coverage issue – just not in Massachusetts.[2]  Accordingly, the Court should deny his motion to dismiss.

## II.   BACKGROUND AND STATEMENT OF FACTS

Mr. Cosby is a well-known entertainer.   Over the past few years, many women have come forward and alleged Mr. Cosby drugged them and/or raped or sexually abused them many years ago.  Mr. Cosby publically denied these allegations.  The issue before this Court concerns only the allegations of three of these accusers:   Tamara Green, Therese Serignese, and Linda Traitz.  These women sued Mr. Cosby in this Court seeking damages for defamation.  All of their defamation claims are based on and thus "arise out of" Mr. Cosby's denials of the *alleged* sexual molestation and/or misconduct consisting of the allegedly defamatory and emotional distress-causing denials of such alleged conduct.

---

A.2d 561 (R.I. 2001)(construing a policy exclusion for injury arising out of any act of sexual misconduct to bar coverage for a defamation claim); *American States Ins. Co. v. Smith*, 133 F.3d 363 (5th Cir. 1998)(holding that the insurers had no duty to defend or indemnify church and ministers on claims of defamation, invasion of privacy, breach of fiduciary duty, battery, and other claims originating from pastor's sexual misconduct).

[2] In *AIG Property Casualty Company v. William H. Cosby and Janice Dickinson*, U.S.D.C. Central District of California, Case No. 2:15-cv-04842-BRO-RAO, Mr. Cosby has moved to dismiss, arguing that the amended complaint, as pled, fails to state a claim upon which the court can grant the declaratory relief requested by AIG Property Casualty in a similar case.  While the outcome of that case is not determinative of the issues in this case which involve different parties, different claims, and are to be decided under Massachusetts law, those very contentions belie any notion that it would be inherently improper or unduly premature for this Court to decide the coverage issues in this case.  It further demonstrates that the issue of coverage can be decided as a matter of law.  Pursuant to the provisions of Fed. R. Evid. 201, AIG Property Casualty requests this Court take judicial notice of the pleadings and motions from the California declaratory judgment action.  [*See* Exhibit A].

In the Amended Complaint,[3] Tamara Green alleges that she first met Mr. Cosby in 1969 or 1970.  She was an aspiring model and singer and Mr. Cosby was already a famous actor.  Ms. Green alleges that Mr. Cosby invited her to lunch and during the meal gave her some pills to take.  The pills made Ms. Green "weak, dizzy and woozy".  Ms. Green alleges that Mr. Cosby then took her to her apartment where he raped her.

Ms. Green claims that she first disclosed this incident publicly in 2005 in an interview with a newspaper.  Mr. Cosby, in response, issued a statement through a lawyer saying that these accusations were "absolutely false" and that the incident "did not happen in any way, shape or form".  Ms. Green alleges that this denial "by innuendo and effect, . . . publicly branded Plaintiff Green a liar."  [Amended Complaint, ¶25].

Ms. Green alleges that a similar event replayed in 2014.  At that time, she gave an interview to *Newsweek* magazine in which she recounted the story of Mr. Cosby's sexual assault.  Mr. Cosby again, but this time through a publicist, denied the allegations.  Ms. Green alleges that these denials "continued [Cosby's] pattern of branding Plaintiff Green as a liar that he began in 2005."  [Amended Complaint, ¶30].  Ms. Green alleges that these activities by Mr. Cosby were defamatory.

Therese Serignese makes similar allegations.  She claims that she met Mr. Cosby in 1976.  At the time, Ms. Serignese was an aspiring model and Mr. Cosby befriended Ms. Serignese upon a chance meeting in Las Vegas.  Mr. Cosby invited her to a show where he suggested that she take some pills that he provided.  She did, and the pills put

---

[3] All facts in this memorandum come from the plaintiffs' Amended Complaint in the underlying action, which pleading Mr. Cosby relies in support of his motion to dismiss.  For purposes of this motion, the truth or falsity of these allegations is irrelevant to the legal issues at hand, and AIG Property Casualty takes no position on the veracity of the allegations or the truth of Mr. Cosby's denials.

her "into an altered state of consciousness".   Amended Complaint, ¶43.   While in this altered state, Ms. Serignese alleges Mr. Cosby raped her.

Ms. Serignese alleges that on November 14, 2014, she publicly disclosed this sexual assault for the first time.   In response, Mr. Cosby (through a spokesperson) denied the sexual assault, thereby implying that Ms. Serignese was a liar.   Ms. Serignese alleges that these statements of denial by Mr. Cosby constitute actionable defamation.

Linda Traitz alleges events similar to Ms. Green and Ms. Serignese.   Ms. Traitz alleges that she met Mr. Cosby when she was an 18 year old waitress.   One day, Mr. Cosby offered Ms. Traitz a ride home, which she accepted.   Instead of going home, Ms. Traitz alleges that Mr. Cosby took her to a beach and offered her some pills.   Ms. Traitz declined to take the pills, after which Mr. Cosby sexually assaulted her by force.

Ms. Traitz first disclosed this sexual assault on or about November 18, 2014, through a post on a Facebook page.   In response, Mr. Cosby (through a spokesperson) denied the sexual assault, thereby implying that Ms. Traitz was a liar.   Ms. Traitz alleges that these statements by Mr. Cosby were defamatory.

Ms. Green, Ms. Serignese and Ms. Traitz filed suit against Mr. Cosby in this Court. In response, Mr. Cosby filed a motion to dismiss which has been argued but not yet decided.   In addition, Mr. Cosby tendered the *Green* lawsuit to AIG Property Casualty seeking defense and indemnification under Massachusetts Homeowners Policy No. PCG 006004261 and Personal Excess Liability Policy No. PCG 006235889.   AIG Property Casualty undertook to provide Mr. Cosby with a defense subject to a reservation of rights, and continues to defend him in the *Green* case.

On June 26, 2015, AIG Property Casualty filed this declaratory judgment action naming Mr. Cosby, as well as Ms. Green, Ms. Serignese, and Ms. Traitz as defendants

in accordance with Massachusetts practice as set forth in *Lumbermens Mut. Cas. Co. v. Belleville Indus., Inc.*, 407 Mass. 675, 555 N.E.2d 568 (1990).[4]

Massachusetts Homeowners Policy No. PCG 006004261 does not provide coverage for liability, defense costs or any other cost or expense for "personal injury" "arising out of any actual, *alleged* or threatened . . . [s]exual molestation, misconduct or harassment; or [s]exual, physical or mental abuse." (emphasis supplied)   Similarly, Personal Excess Liability Policy No. PCG 006235889 does not provide coverage for liability, defense costs or any other cost or expense for "personal injury" "[a]rising out of any actual, *alleged* or threatened . . . [s]exual misconduct, molestation or harassment; . . ." (emphasis supplied).   Each policy defines the term "personal injury" to include both "defamation, libel or slander" and "shock, emotional distress, mental injury".

## III.   ARGUMENT

Cosby's motion seeks two alternative types of relief: (1) dismissal on abstention grounds; and (2) a stay of proceedings pursuant to the California case of *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993).   Because the requested relief (and the standards for granting relief) are different for each of the grounds, AIG Property Casualty shall address the arguments separately.

### A.   The Court Should Deny Mr. Cosby's Motion to Dismiss (or Stay) on Abstention Grounds Because The *Brillhart* Abstention Doctrine Does Not Apply Where There Are Two Cases Pending In The Same Court

Mr. Cosby's motion to dismiss is bizarre and possibly unique in the entire history of American jurisprudence.   Mr. Cosby moves this Court, on abstention grounds, to

---

[4] *See also In re Molten Metal Technology, Inc.*, 271 B.R. 711, 732, fn. 25 (D. Mass. 2002) ("The injured party is a necessary party in declaratory judgment litigation regarding coverage."); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Massachusetts Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 323 (D. Mass. 1987) ("Consequently, complete relief cannot be accorded to National Union if HMLP is not a party to this action; HMLP is therefore a necessary party under clause (a)(1) of Rule 19.").

dismiss this case because of a non-parallel <u>federal</u> (not state) court lawsuit, that is pending in the same court, assigned to the same judge, and which is noted on the docket as a related case.  The grounds for abstention argued by Mr. Cosby are insufficient to justify doing so and, therefore, the Court should deny Mr. Cosby's motion to dismiss.

At the outset, it is important that in Massachusetts, "[w]here there is uncertainty as to whether an insurer owes a duty to defend, the insurer has the option of providing the insured with a defense under a reservation of rights, filing a declaratory judgment action to resolve whether it owes a duty to defend or to indemnify, moving to stay the underlying action until a declaratory judgment enters, and withdrawing from the defense if it obtains a declaration that it owes no duty to the insured." *Metropolitan Property and Cas. Ins. Co. v. Morrison*, 460 Mass. 352, 358 951 N.E.2d 662 (2012).[5]  Federal Courts routinely decide issues of and concerning the availability of insurance coverage, and Mr. Cosby has identified nothing about this dispute that warrants the Court exercise its discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, to refrain from making such a decision here.

Mr. Cosby first argues for abstention based on the *Brillhart/Wilton* doctrine.  The *Brillhart* doctrine provides that a federal court may, in its discretion, decline to accept jurisdiction over a declaratory judgment action when "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).  The *Brillhart* court noted that "gratuitous interference with the orderly and comprehensive disposition of a

---

[5] At present, this Court has Mr. Cosby's motion to dismiss in the *Green* case under advisement.  If denied, AIG Property Casualty will move the Court stay further proceedings in the *Green* case pursuant to the authority in *Morrison* pending the Court's adjudication of the duty to defend raised in this case.  As this is a pure issue of law which the Court can decide based on the Amended Complaint and insurance policies, the resolution of the coverage issue will not serve to delay the underlying defamation case.

state court litigation should be avoided." *Id.* at 495.  In other words, in a *Brillhart* abstention situation, the federal court declines jurisdiction in favor of an ongoing <u>state court</u> lawsuit which will address at least some of the same issues.

To state the proposition is to state the central problem with Mr. Cosby's motion to dismiss: *<u>there is no state court proceeding to abstain in favor of</u>*.   In this case, there is a different, albeit related, <u>federal</u> court lawsuit involving some (but not all) of the same parties which is pending in the same court.   Abstention under these circumstances serves no purpose and makes no sense.  <u>Every</u> abstention case Mr. Cosby cites in support of his argument concerned abstention in favor of a pending state court case.   Mr. Cosby cites no case that supports the application of the abstention doctrine to cases in coordinate courts, as he implicitly proposes in the current motion.

Although it is true the courts have somewhat greater discretion to decline jurisdiction in declaratory judgment actions than other types of proceedings, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), it is an undue stretch to ask a federal court to decline jurisdiction under the Federal Declaratory Judgment Act when there is no parallel state court proceeding.  In *Wilton*, the Supreme Court explicitly noted that this scenario (abstention without a parallel state court proceeding) was at the "outer boundaries" of the abstention doctrine when it said:

> We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example cases raising issues of federal law or *cases in which there are no parallel state proceedings*.

*Wilton*, *supra*, at 290 (emphasis added).  However the present motion to dismiss pushes the boundaries of *Brillhart* abstention even further than the Supreme Court's hypothetical: Not only is there no parallel state proceeding, but there <u>is</u> a related proceeding in the same court, such that this Court has the full jurisdiction to enter any procedural order

necessary to ensure the orderly disposition of justice in these two cases which are both within the Court's jurisdiction.  *See* 28 USC §1332 and 28 USC §2201.

Abstention under the present circumstances would amount to a wholesale abandonment of this Court's jurisdiction, all for no apparent reason.  This is because abstention is the wrong legal doctrine to address the present situation.  The proper considerations when two lawsuits are pending in <u>coordinate</u> courts was set forth by the Supreme Court in *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 72 S.Ct. 219 (1951). In *Kerotest*, the holder of a patent sued a competitor in Illinois federal court for patent infringement.  Thereafter, the competitor's supplier filed a declaratory judgment action in the Delaware federal court seeking a determination of the validity of the patents.  As a result, there was parallel litigation in two coordinate courts of the federal system and the parties filed various motions to enjoin one or the other proceeding.  The United States Supreme Court addressed the issue, but not on abstention grounds.[6]  Instead, the Supreme Court made the sensible ruling that coordinate federal courts have broad discretion to fashion procedural orders necessary for the orderly administration of justice. *Kerotest*, *supra*, at 221.  Here, the "coordinate courts" are <u>one and the same court</u> and, therefore, there is no reason to decline jurisdiction and dismiss this lawsuit.

## B.    *Brillhart* Does Not Warrant Dismissal on Abstention Grounds

Even under a traditional *Brillhart* abstention analysis, there is still no basis to dismiss this action.  The Supreme Court in *Brillhart* set out a list of factors that district courts should consider when faced with an abstention request:

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties

---

[6] Abstention was not mentioned whatsoever, presumably because there was no parallel state court proceeding to abstain in favor of.

to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

We do not now attempt a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a district court's discretion.

*Brillhart*, 316 U.S. at 495.  The *Wilton* case re-stated this guidance, adding:

[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in "[g]ratuitous interference," ibid., if it permitted the federal declaratory action to proceed.

*Wilton*, *supra*, at 283.  Even if this Court considered these factors, there is no basis for abstention.

### 1.     AIG Property Casualty's Claims Are Not Being Presented in the Underlying Proceeding

The first, and probably most important, factor is whether the issues in the federal court case are also presented in an underlying state case.  While this may sometimes be the case in insurance declaratory judgment actions, it is unquestionably not the case here.  AIG Property Casualty is not a party to the *Green* case, and issues of and concerning the availability of insurance coverage are not at issue in that case.  Indeed, matters of insurance are irrelevant to the *Green* plaintiffs' defamation claims.  *See* Fed. R. Evid. 411; *Goldstein v. Gontarz*, 364 Mass. 800, 808, 309 N.E.2d 196, 202 (1974).

This action concerns the interpretation of two insurance policies and, more narrowly, a distinct pair of exclusions.  Matters of and concerning coverage are immaterial to the disposition of the *Green* case, and the outcome of this action does not turn on the facts found in the *Green* case.  Rather, the outcome of this action involves a comparison

of the allegations in the *Green* case to the policy provisions.   It is the allegations themselves, and not the actual facts that conclusively demonstrate the exclusions apply. Because of this, the primary factor in the *Brillhart* analysis does not point toward abstention.

> **2.     AIG Property Casualty's Declaratory Judgment Claims Will Not Interfere With The Underlying Defamation Lawsuit**

Nor will this case interfere with the *Green* case in any way.   Just as the *Green* case is legally irrelevant to the declaratory judgment action, the converse is also true:   This declaratory judgment action is irrelevant to the underlying defamation claims.   There is no possibility of inconsistent verdicts in the two cases because they address completely different issues.   The Court, not a jury, will decide the coverage issues.   *See Providence Washington Ins. Co. v. Metropolitan Life Ins. Co.*, 260 F.3d 54, 61 (1st Cir. 2001).

Only the allegations in the Amended Complaint from the *Green* case and the two insurance policies are necessary to decide the coverage issue.   *See e.g., Sterilite Corp. v. Cont'l Cas. Co.*, 17 Mass. App. Ct. 316, 318, 458 N.E.2d 338, 340 (1983)("the question of the initial duty of a liability insurer to defend third-party actions against the insured is decided by matching the third-party complaint with the policy provisions").   Neither the policies nor the Amended Complaint are subject to genuine dispute as each speaks for itself.   Consequently, nothing about the present declaratory judgment action will have an impact on the underlying defamation claims and, therefore, this Court should not to abstain from hearing the declaratory judgment action.

> **3.     The Factors Cited by Mr. Cosby as Being Relevant Do Not Suggest That This Court Should Abstain From Hearing AIG Property Casualty's Declaratory Judgment Lawsuit**

Mr. Cosby lists several other factors which he argues this Court should consider when deciding whether to exercise its discretion to abstain from hearing the case.   Without

conceding that the Court should consider these factors, AIG Property Casualty will address each, *seriatim,* since they all militate against abstention.

### a.   State Law Issues Do Not Predominate

This factor should not influence an abstention decision in any way.  Both the *Green* case and this action are governed by state law, yet both are pending in this federal court.  There are no federal law issues in either dispute, and both cases are within the Court's statutory jurisdiction.  *See* 28 U.S.C. §1332 and 28 U.S.C. §2201.

Since the *Green* case is pending in federal court, abstention will not help the federal court avoid "state court issues."  Although both cases involve Massachusetts substantive law, the cases do not involve issues of first impression of important state law best left to a state court to decide.  Instead, they both involve the application of facts to reasonably well-settled areas of law, just like any other diversity case.  Apart from the celebrity of Mr. Cosby, there is simply nothing in either case that is unusual.  There are certainly no "state court issues" identified by Mr. Cosby that would compel this Court to decline jurisdiction on abstention grounds.

### b.   Abstention Will Not Avoid Duplicate Litigation

Certainly this Court will want to avoid duplicate litigation; however, there is no duplicate litigation to be concerned about here.  The *Green* case asks whether Mr. Cosby defamed the plaintiffs and, if so, what damage did he cause.  The declaratory judgment action asks if a defamation claim premised on the denials of the alleged sexual assaults is covered by personal liability insurance.  No facts found in the *Green* case will influence the declaratory judgment case.  While there may be a common factual genesis, there is certainly no overlap of material issues between the two whatsoever.

Mr. Cosby quite cleverly attempts discuss the common ancestry of these two cases, while completely ignoring the distinct <u>legal</u> issue raised by this declaratory judgment action. In fact, Mr. Cosby's memorandum does not even mention the legal issues in the declaratory judgment at all. So, for example, the "overlapping issues" which might lead to "inconsistent findings" are described by Mr. Cosby as follows:

> "*The facts and circumstances concerning the disparaging statements allegedly made by Mr. Cosby*" (Cosby Memo, p. 9)

The "facts and circumstances" concerning Mr. Cosby's statements do not matter to this declaratory judgment action. Mr. Cosby is alleged to have defamed the underlying plaintiffs on matters pertaining to his "alleged" sexual misconduct. This is sufficient to adjudicate the coverage issues without impacting or duplicating the issues in the *Green* case.

> "*the nature of Mr. Cosby's relationships with various individuals who, according to the underlying plaintiffs, allegedly made disparaging statements about the underlying plaintiffs on Mr. Cosby's behalf.*" (Cosby Memo, p. 9–10)

Again, this is another fact that does not matter to the coverage issue. The "nature of Mr. Cosby's relationships" with the plaintiffs may assist his defense of the defamation claims, but the nature of those relationships is irrelevant to whether he was accused of something arising out of sexual misconduct which he falsely denied. Plainly he was so accused, and that is all that is at issue or needs to be addressed in this case.

> "*Whether Mr. Cosby allegedly implicitly disparaged any of the underlying plaintiffs*" (Cosby Memo, p. 10)

Coverage under the AIG Property Casualty does not apply to actual or *alleged* "personal injury" – defined to include both defamation and emotional distress - if it arises out of "alleged" sexual misconduct. The truth (or falsity) of the allegation of disparagement (whether implicit or explicit) does not matter. All that matters to the

declaratory judgment action is that the *Green* lawsuit arises out of allegedly false denials of allegations of sexual misconduct.  *See Sterilite Corp. v. Cont'l Cas. Co.*, 17 Mass. App. Ct. 316, 323, 458 N.E.2d 338 (1983)(deciding duty to defend based on allegations in complaint and policy provisions).

> "*Mr. Cosby's defenses to the alleged defamations.*"  (Cosby Memo, p. 10)

AIG Property Casualty assumes that Mr. Cosby will raise every possible defense to the allegations of defamation.  And none of them matter, for all the reasons previously stated, to the resolution of the coverage issue.  AIG Property Casualty will not present evidence of Mr. Cosby's guilt or innocence in the declaratory judgment action.

Mr. Cosby makes no attempt to explain how any of the "issues" above are relevant to the declaratory judgment action.  They are simply listed as such, and it is left to the reader to discern how they might be related to the insurance issues in dispute.  If these issues indeed played any role in the declaratory judgment case, Mr. Cosby would have trumpeted the relationship.  Instead, Mr. Cosby has done nothing more than highlight the common ancestry of these two cases, a point which is true in <u>every</u> liability insurance dispute.[7]  The fact remains, however, that there is no substantial (or even minimal) overlap between the legal issues in the two cases or the factual record that will be presented in the two cases.  Any discussion of potentially overlapping legal issues is completely absent from Mr. Cosby's motion, because those legal issues do not exist.

---

[7] It is axiomatic that every liability insurance coverage dispute pertains to the set of facts which are at issue in the lawsuit for which coverage is sought.  If this common ancestry alone was sufficient for abstention, the federal courts would never exercise jurisdiction over an insurance coverage case, a result which obviously does not happen.  What is necessary is some commonality of legal issues, or a set of disputed facts which are dispositive of both cases.  Neither is present here.

C.      **The *Colorado River* Case Does Not Provide a Basis For Abstention**

   1.   ***Colorado River* Does Not Apply to Two Cases Pending in the Same Court**

In his motion, Mr. Cosby makes a brief mention of *Colorado River* abstention. However, *Colorado River* abstention is inapplicable to the present case because both this action and the *Green* case are pending in the same court.

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), concerned two lawsuits addressing water rights in the southwest part of the United States. The first-filed lawsuit was a state court action to adjudicate all rights, state and federal, among certain users in Division 7 of the Colorado River Water Conservation District. Sometime after this lawsuit was filed, the United States filed a federal court declaratory judgment action seeking a declaration of the federal government's rights to waters in certain rivers in Colorado Water Division No. 7. In response, the United States was made a party to the original state court water rights lawsuit. This situation (completely unlike anything that exists in the present *Cosby* cases) meant that there were overlapping lawsuits addressing the same exact water rights issues involving most of the same parties and seeking the same relief. Although this situation did not fit into any of the previously recognized abstention doctrines, the federal court ultimately decided to abstain from hearing the federal court declaratory judgment case, in favor of a state court adjudication of the same issues.

*Colorado River* involved two overlapping lawsuits, one state and one federal. However, the Supreme Court mentioned briefly the problem of two overlapping lawsuits in separate federal courts. The Supreme Court noted that:

> Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." **As between**

**federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation**. This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

*Colorado River*, 424 U.S. at 817-18 (internal citations removed)(emphasis added).

Absent from this discussion is any possibility of abstention when the two lawsuits are

<u>pending in the same session of the same court</u>, which is the situation here.  This scenario

is not discussed because there is no reason whatsoever to decline jurisdiction to avoid

duplicative litigation (which is the only permissible goal in a *Colorado River* abstention

situation) when two cases are in the same court.  Instead, this Court can (if it wishes)

avoid duplicative litigation by simply consolidating the two lawsuits.

The federal courts have a "virtually unflagging obligation" to exercise the

jurisdiction given to them.  *Colorado River*, *supra*, at 817.  Because of this:

Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

*Colorado River*, *supra*, at 813-14 (internal citations omitted).  The present case presents

no "exceptional circumstances" which would allow the court to decline to exercise the

jurisdiction given to it on *Colorado River* grounds.  Instead, because both the *Green* case

and this action are pending in the same session of this Court, any concerns about

duplicative litigation, overlap of issues, or most anything else, can be addressed by

routine procedural orders of the sort issued daily by the courts.  What is completely unnecessary, however, is the invocation of the exceptional abstention doctrine.

### 2. The California Defamation Case is Irrelevant to the Present Massachusetts Dispute

In the context of his discussion of *Colorado River* abstention, Mr. Cosby mentions a separate "underlying lawsuit" filed by a completely different claimant (but also alleging defamation arising out of past sexual misconduct) in California state court.  *See Janice Dickinson v. William H. Cosby, Jr.,* Los Angeles Superior Court.  Unsurprisingly, AIG Property Casualty has filed a declaratory judgment in California federal court seeking a determination of its coverage rights in relation to that *Dickinson* lawsuit.  Mr. Cosby inexplicably looks to invoke this pair of separate California lawsuits as a basis for abstention in the present Massachusetts case, which seeks to determine coverage under a Massachusetts Homeowners Policy issued to a Massachusetts resident and which is responding to provide Mr. Cosby with a defense to litigation pending in Massachusetts. Mr. Cosby's attempt to argue the relevancy of the California cases or California law is little more than an attempt to confuse the issues, and is interposed to stave off a decision on a straightforward coverage issue by this Court.

Mr. Cosby further claims that he is inconvenienced and prejudiced by having to face four lawsuits (one pair in Massachusetts, the other pair in California), with the implication being that abstention in the present case will somehow change this situation. It most certainly will not because the Massachusetts and California declaratory judgment actions are each necessary for AIG Property Casualty to obtain complete relief.  The Massachusetts courts do not have jurisdiction over the California plaintiff, Janice Dickinson, and the California courts do not have jurisdiction over Ms. Serignese and Ms.

Traitz, who live in Florida.[8]  Mr. Cosby, a resident of Massachusetts, has no basis to complain about being sued in his home state.  Abstention will not permit the California cases and the Massachusetts cases to be heard in a "single forum" as suggested on Page 13 of Mr. Cosby's memorandum.

Finally, AIG notes that Mr. Cosby is not facing multiple lawsuits because AIG Property Casualty has improperly invoked federal jurisdiction, or because AIG Property Casualty has filed two lawsuits where one would suffice, or because of any other reason pertaining to AIG Property Casualty.  Mr. Cosby is facing multiple lawsuits because at least four women allege that he raped and then defamed them when he denied their "allegations" of sexual misconduct.  Although it may be unfortunate that Mr. Cosby has so many accusers, and while it may also be that he is innocent of all allegations, the fact that a person (or company) is faced with multiple lawsuits from diverse claimants in separate jurisdictions is not an exceptional circumstance for the federal court to decline to exercise jurisdiction pursuant to the *Colorado River* doctrine as demonstrated by the complete absence of citation in Mr. Cosby's motion to dismiss to any legal authority for such a novel proposition.

**D.** **The *Montrose* Case Does Not Provide a Basis to Stay This Declaratory Judgment Lawsuit**

**1.** ***Montrose* is California Law, Irrelevant to the Present Massachusetts Case**

In his final argument, Mr. Cosby requests a stay of the declaratory judgment lawsuit pursuant to the California state court procedural case of *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301, 861 P.2d 1153 (1993).  This particular *Montrose*

---

[8] Ms. Green is a resident of California, or so at least she alleges.

decision concerned the procedural burdens which an insurer faces when litigating the duty to defend in the State of California.  AIG Property Casualty is, frankly, unsure why Mr. Cosby cites *Montrose* since it is a California case that addresses California procedural issues which have never been applicable in Massachusetts.[9]  Perhaps it is because his lawyers are from California.  In any event, to be clear, the present case does not concern California law in any manner.  The plaintiffs in the *Green* case chose to sue Mr. Cosby in his home state of Massachusetts.  The insurance policies at issue were issued to a Massachusetts resident and cover Massachusetts based risks.  The allegations in the *Green* lawsuit concern defamatory statements published in mass media (rather than to a gathering of people in a specific community in California).  California law and the *Montrose* case play no role in the dispute before this Court.

## 2.      Even if the *Montrose* Rule Applied, It Would Not Require a Stay

*Montrose*, assuming it applies, does not support a stay of the present declaratory judgment action.  The essential holding of *Montrose* is that in a case where "the coverage question turns on facts to be litigated in the underlying action" a stay of the declaratory judgment action might be appropriate.  However, in cases "when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment."[10]  *Montrose Chem. Corp.,* 6 Cal. 4th 287, 302, 861 P.2d 1153 (1993).  The present case, of course, is of the latter variety, for the

---

[9] The two Massachusetts cases Mr. Cosby cites in support of this argument are the exception, and certainly not the rule.  *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Maritime Terminal, Inc.*, 2015 WL 3952766 does not support a stay of AIG Property's declaratory judgment action.  The reasoning in *American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 1996 WL 1186779, which concerned a motion for protective order, is likewise inapplicable because this case raises a pure question of law.

[10] In a sense, the *Montrose* case is a restatement of the *Brillhart* abstention rule, but applied on the state court level using a stay instead of a dismissal.  For the same reasons that *Brillhart* does not apply to this particular case, *Montrose* does not apply either.

reasons stated above. Again, it does not matter if the allegations in the *Green* case are true or false, and nothing that will be litigated in the *Green* case will affect this Court's coverage determination. Even by the standards set forth in *Montrose*, there is no basis to stay this declaratory judgment action.

Perhaps more importantly, the *Montrose* case is not the law in Massachusetts and Massachusetts law is distinctly different. This action seeks a declaration of AIG Property Casualty's duties to defend and indemnify Mr. Cosby against certain claims of defamation. The Massachusetts Supreme Judicial Court recently explained the proper process for an insurer to follow if it has questions about coverage:

> Where there is uncertainty as to whether an insurer owes a duty to defend, the insurer has the option of providing the insured with a defense under a reservation of rights, filing a declaratory judgment action to resolve whether it owes a duty to defend or to indemnify, **moving to stay the underlying action until a declaratory judgment enters**, and withdrawing from the defense if it obtains a declaration that it owes no duty to the insured. See *Sarnafil, Inc. v. Peerless Ins. Co.,* 418 Mass. 295, 304, 636 N.E.2d 247 (1994).

*Metro. Prop. & Cas. Ins. Co. v. Morrison*, 460 Mass. 352, 358-59, 951 N.E.2d 662, 668 (2011)(emphasis added). Under Massachusetts procedure (unlike California procedure in *Montrose*) if a case is to be stayed, the SJC instructs the underlying case be stayed.

The *Morrison* decision, which advises litigants and courts to stay the underlying lawsuit (not the declaratory judgment lawsuit) is not an aberration or a mistake. Rather it is the latest in a line of cases from the Massachusetts appellate courts which have encouraged and favored the filing and prompt adjudication of insurance declaratory judgment actions. *See, e.g., Sterilite Corp.*, 17 Mass. App. Ct. at 323, 458 N.E.2d at 343-44 (noting an insurer faced with a claim for which liability coverage was uncertain could file a declaratory judgment action); *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 406 Mass. 7, 545 N.E.2d 1156 (1989)(encouraging insurers to prosecute

prompt declaratory judgment actions in cases where there were disputes as to the duties to defend and indemnify).

**E.     The Orderly Administration of Justice Can Be Easily Addressed By Routine Procedural Orders Rather Than Abstention**

This Court has broad discretion to fashion procedural orders for the orderly disposition of justice.  It is difficult to envision a legitimate concern that Mr. Cosby might have that cannot be easily cured by a routine procedural order since both cases are pending in the same session of the same Court.  The Supreme Court has recognized that abstention is an extraordinary remedy, inappropriate in all but the most unusual of circumstances.  This should, in the sound exercise of its discretion, decline to invoke the unusual remedy of declining jurisdiction by abstention, and instead simply issue any procedural orders necessary to address any legitimate concerns expressed by any of the litigants in this case, including Mr. Cosby.

**IV.     CONCLUSION**

For the reasons stated in this Memorandum of Law, AIG Property Casualty requests that this Court deny Mr. Cosby's Motion to Dismiss on abstention grounds and also deny Mr. Cosby's alternative request to stay the present declaratory judgment action.

Respectfully submitted,
AIG PROPERTY CASUALTY
COMPANY,
By its attorneys,


/s/ William A. Schneider

_____
William A. Schneider, BBO #636421
250 Summer Street
Boston, MA  02210
Tel: (617) 439-7573
Fax: (617) 342-4951
*wschneider@morrisonmahoney.com*


## CERTIFICATE OF SERVICE

I, William A. Schneider, hereby certify that on September 28, 2015, I electronically filed the above-referenced document with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ William A. Schneider

_____
William A. Schneider