IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL DOCKET NO.: 3:15-cv-30111<br>) |
| TAMARA GREEN, THERESE SERIGNESE, LINDA TRAITZ, and | )<br>)<br>) |
| WILLIAM H. COSBY, JR., | )<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF AIG PROPERTY CASUALTY COMPANY'S MOTION TO STAY LITIGATION PENDING OUTCOME OF DECLARATORY JUDGMENT ACTION

NOW COMES the plaintiff, AIG Property Casualty Company, and respectfully requests that this Honorable Court stay the underlying litigation captioned *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM, pending the disposition of this insurance coverage declaratory judgment action. In support of this motion, AIG Property Casualty Company states as follows:

On June 26, 2015, AIG Property Casualty Company commenced this action to obtain a judicial declaration about whether coverage under its homeowners and personal excess liability policies applies to claims asserted against its insured, William H. Cosby, Jr., in the *Green* case, which is also pending in this Court. As the Court knows, the *Green* case arises out of a series of alleged sexual assaults and attempted sexual assaults that Mr. Cosby is alleged to have perpetrated against numerous women over the course of

many years. The plaintiffs in the *Green* case seek damages from Mr. Cosby for defamation based on his denials of the alleged sexual assaults.

Mr. Cosby's homeowners policy does not cover liability, defense costs or any other cost or expense for "personal injury" "arising out of any actual, alleged or threatened . . . [s]exual molestation, misconduct or harassment; or [s]exual, physical or mental abuse." Similarly, his personal excess liability policy does not provide coverage for liability, defense costs or any other cost or expense for "personal injury" "[a]rising out of any actual, alleged or threatened . . . [s]exual misconduct, molestation or harassment; . . .". Each insurance policy defines the term "personal injury" to include both "defamation, libel or slander" and "shock, emotional distress, mental injury".

AIG Property Casualty Company is currently providing Mr. Cosby with a defense in the *Green* case subject to a reservation of rights. It is funding the defense provided by independent counsel selected by Mr. Cosby at a considerable expense.[1] Whether AIG Property Casualty Company owes Mr. Cosby a defense is a pure question of law the Court may answer based solely on comparing the allegations in the *Green* case to the terms of coverage. *See Billings v. Commerce Ins. Co.*, 458 Mass. 194, 936 N.E.2d 408 (2010)(an insurer has a duty to defend when the allegations are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms).

Massachusetts law provides that "[w]here there is uncertainty as to whether an insurer owes a duty to defend, the insurer has the option of providing the insured with a defense under a reservation of rights, filing a declaratory judgment action to resolve whether it owes a duty to defend or to indemnify, *moving to stay the underlying action*

---

[1] Mr. Cosby is represented by lawyers from two law firms, Patterson Belknap Webb & Tyler LLP from New York, New York and Bulkley, Richardson & Gelinas from Springfield, Massachusetts.

<u>until a declaratory judgment enters</u>, and withdrawing from the defense if it obtains a declaration that it owes no duty to the insured." *Metropolitan Property and Cas. Ins. Co. v. Morrison*, 460 Mass. 352, 358, 951 N.E.2d 662 (2012)(emphasis supplied).

Given that a declaration of no coverage does not retroactively relieve an insurer of its duty to defend, staying the *Green* case will prevent the unjust result of AIG Property Casualty Company from having to continue to provide Cosby with a defense indefinitely despite the fact that coverage under the insurance policies does not apply to the claims alleged in the *Green* case. *See Medical Malpractice Joint Underwriting Association of Massachusetts v. Goldberg*, 425 Mass. 46, 680 N.E.2d 1121 (1997). As the number of claims and lawsuits against Mr. Cosby continues to grow, the need to address the issue of coverage, including the duty to defend, is both eminently reasonable and extremely urgent.

Moreover, a stay of the underlying litigation in the *Green* case will not cause undue delay or prejudice the parties to that case in any way. The Court already has everything it needs to decide the coverage issue; the insurance policies and the *Green* complaints are both before the Court as exhibits to the declaratory judgment complaint, and neither is subject to any genuine dispute. While the *Green* plaintiffs are no doubt eager to proceed with discovery on the heels of the Court's denial of Mr. Cosby's motion to dismiss in the *Green* case on October 9, 2015, the temporal relationship between the conduct from which the *Green* plaintiffs' claims arise and the lawsuit itself strongly suggests no prejudice will flow from a stay of those claims long enough for the Court to decide the coverage issue in this case.

In further support of this motion, AIG Property Casualty Company refers the Court to the memorandum of law filed simultaneously herewith.

WHEREFORE, AIG Property Casualty Company respectfully requests that this Honorable Court stay all further proceedings in the case captioned *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM, pending the disposition of this insurance coverage declaratory judgment action, together with such other relief the Court deems just and proper.

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned hereby certifies that by letter dated July 9, 2015, I wrote to counsel for the plaintiffs in the *Green* case, Joseph Cammarata, and counsel for Mr. Cosby, Robert LoBue, to state that AIG Property Casualty Company planned to move to stay the *Green* case pending the outcome of this declaratory judgment action. Mr. Cammarata objected, in writing, to the relief. Mr. LoBue did not respond.

Respectfully submitted,
AIG PROPERTY CASUALTY COMPANY,
By its attorneys,

*/s/ William A. Schneider*

William A. Schneider, BBO #636421
250 Summer Street
Boston, MA 02210
Tel: (617) 439-7573
Fax: (617) 342-4951
*wschneider@morrisonmahoney.com*

## CERTIFICATE OF SERVICE

      I, William A. Schneider, hereby certify that on October 20, 2015, I electronically filed the above-referenced document with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Separately, I served a copy of this motion by first class mail upon the following individuals who have an appearance as counsel of record in the case captioned *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM:

    Joseph Cammarata, Esq.
    **Chaikin, Sherman, Cammarata & Siegel, P.C.**
    1232 Seventeenth Street, N.W.
    Washington, DC 20036

    Robert P. LoBue, Esq.
    **Patterson Belknap Webb & Tyler LLP**
    1133 Avenue of the Americas
    New York, NY  10036-6710


                                        */s/ William A. Schneider*
                                        _____
                                        William A. Schneider