IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY, ) ) Plaintiff, ) ) v. ) ) TAMARA GREEN, THERESE SERIGNESE, ) LINDA TRAITZ, and ) ) WILLIAM H. COSBY, JR., ) ) Defendants. ) | CIVIL DOCKET NO.: 3:15-cv-30111 |

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF AIG PROPERTY CASUALTY COMPANY'S MOTION TO STAY LITIGATION PENDING OUTCOME OF DECLARATORY JUDGMENT ACTION**

The plaintiff, AIG Property Casualty Company, submits this memorandum of law in support of its motion to stay the stay the underlying litigation captioned *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM, pending the disposition of this insurance coverage declaratory judgment action. For the reasons stated below, the Court should stay further proceedings in the *Green* case until it decides the narrow coverage issue presented in this case as matter of law.

## **BACKGROUND AND RELEVANT FACTS**

On June 26, 2015, pursuant to the provisions of 28 U.S.C. § 2201 and Rules 8 and 57 of the Federal Rules of Civil Procedure, AIG Property Casualty Company filed this declaratory judgment action to obtain a judicial declaration about whether coverage under its homeowners and personal excess liability policies applies to claims asserted against its insured, William H. Cosby, Jr., in the *Green* case, which is also pending in this court.

As the Court knows, the *Green* case arises out of a series of alleged sexual assaults and attempted sexual assaults that Mr. Cosby is alleged to have perpetrated against numerous women over the course of many years. The plaintiffs in the *Green* case seek damages from Mr. Cosby for defamation based on his denials of the alleged sexual assaults.

Mr. Cosby's homeowners policy (Policy No. PCG 006004261) does not cover liability, defense costs or any other cost or expense for "personal injury" "arising out of any actual, alleged or threatened . . . [s]exual molestation, misconduct or harassment; or [s]exual, physical or mental abuse." Similarly, his personal excess liability policy (Policy No. PCG 006235889) does not provide coverage for liability, defense costs or any other cost or expense ~~for liability~~ "[a]rising out of any actual, alleged or threatened . . . [s]exual misconduct, molestation or harassment; . . .". Each insurance policy defines the term "personal injury" to include both "defamation, libel or slander" and "shock, emotional distress, mental injury".

AIG Property Casualty Company is providing Mr. Cosby with a defense subject to a reservation of rights. Mr. Cosby has retained independent counsel of his choosing at the considerable expense to AIG Property Casualty Company.[1] Mr. Cosby is represented by lawyers from two law firms, Patterson Belknap Webb & Tyler LLP from New York, New York, and Bulkley, Richardson & Gelinas from Springfield, Massachusetts.

## **ARGUMENT**

---

[1] AIG Property Casualty Insurance Company is prepared to support its expenditures on the defense of Mr. Cosby in the *Green* case, if necessary or required by the Court to substantiate the considerable expense incurred to date. If requested, AIG Property Casualty Company will file such support under seal in accordance with the procedures established by the District Court.

On October 9, 2015, the Court denied Mr. Cosby's motion to dismiss in the *Green* case.[2] With that ruling, a stay of the claims in the *Green* case is warranted and consistent with established principles of Massachusetts law. Accordingly, the Court should exercise its discretion to stay the *Green* case until it rules on whether the insurance policies apply to those claims and AIG property Casualty Company owes Mr. Cosby a defense.

1. **The District Court has Discretion to Stay the *Green* Case**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 680, 706 (1997). A district Court's broad discretion to stay proceedings is inherent in its "power [. . .] to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). Here, the prudent exercise of discretion pursuant to Massachusetts law militates in favor of a stay of the proceedings in the *Green* case until the Court rules on the coverage issues raised in the declaratory judgment case.

2. **Massachusetts Law Encourages The Stay of Underlying Proceedings In Favor of Resolving Questions Concerning The Duty to Defend Which The Courts May Decide Expeditiously As a Matter of Law Based on The Underlying Allegation and Policy Terms**

Under Massachusetts law, when it is unclear whether an insurer owes its insured a duty to defend, the insurer may provide its insured with a defense under a reservation of rights, file a declaratory judgment action to resolve the defense issue, and move to stay the underlying action until a declaratory judgment enters. *See Metropolitan Property and Cas. Ins. Co. v. Morrison*, 460 Mass. 352, 358, 951 N.E.2d 662 (2012), *citing Sarnafil,*

---

[2] Not surprisingly, Mr. Cosby filed a motion to dismiss in this case pursuant to Fed. R. Civ. P. 12(b)(6) arguing for abstention or, in the alternative, a stay of the declaratory judgment action.

*Inc. v. Peerless Ins. Co.*, 418 Mass. 295, 304, 636 N.E.2d 247 (1994). This is precisely what AIG Property Casualty Company has done here: provided Mr. Cosby with a defense under a reservation of rights, filed a declaratory judgment action to resolve the defense issue, and now moves to stay the underlying action until a declaratory judgment enters.

The rationale for this rule and procedure is well-grounded. The duty to defend is "antecedent to ... the duty to indemnify." *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 406 Mass. 7, 10, 545 N.E.2d 1156 (1989). The duty to defend, therefore, is not determined by "reference to the facts proven at trial." *Id.* Instead, the duty to defend is based solely on "facts alleged in the complaint and those facts which are known by the insurer." *Id.* at 11, 545 N.E.2d 1156; *see also Morrison*, 460 Mass. at 357, 951 N.E.2d 662 (2011). If the allegations in the complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms, then the insurer owes the insured a defense. *See Billings v. Commerce Ins. Co.*, 458 Mass. 194 (2010). Conversely, "when the allegations in the underlying complaint 'lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate" or defend the claimant.'" *Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 394–395 (2003), *quoting Timpson v. Transamerica Ins. Co.*, 41 Mass. App. Ct. 344, 347 (1996). Whether an insurer such as AIG Property Casualty Company owes a defense is a question of law for the Court. *See Providence Washington Ins. Co. v. Metropolitan Life Ins. Co.*, 260 F.3d 54, 61 (1st Cir. 2001).

A declaration of no coverage does not retroactively relieve an insurer of its duty to defend. *See Medical Malpractice Joint Underwriting Association of Massachusetts v. Goldberg*, 425 Mass. 46, 680 N.E.2d 1121 (1997); *see also Morrisson,* 460 Mass. at 359*,*

*citing* 14 G. Couch, *Insurance*, § 200:48, at 200–65 to 200–66 (3d ed. 2005)("A declaratory judgment of no coverage, either by summary judgment or after trial, does not retroactively relieve the primary insurer of the duty to defend; it only relieves the insurer of the obligation to continue to defend after the declaration.") Thus Massachusetts, in weighing the interests of the various parties involved in litigated matters that raise questions of and concerning the duty to defend, has recognized the rights of an insurer to obtain an adjudication of coverage without being saddled with the financial burden of funding a defense in a situation where coverage does not apply.

Staying further proceedings in the *Green* case will prevent the unjust result of AIG Property Casualty Company having to continue to provide Mr. Cosby with a defense, with independent counsel from two law firms, despite the fact that coverage under the insurance policies does not apply to the claims alleged in the *Green* case. The cost of this defense is considerable, and Mr. Cosby has yet to even answer the amended complaint. A stay of proceedings in the *Green* case is precisely what the rationale in *Morrison* dictates is appropriate under the circumstances here. Therefore, the Court should stay the *Green* case until it decides whether AIG Property Casualty Company owes Mr. Cosby a defense to those claims in this declaratory judgment action.

### 3. The Stay Sought By AIG Property Casualty Company Is Reasonable, Will Not Unduly Delay The *Green* Case, and Will Not Prejudice The *Green* Litigants

No compelling grounds militate against the stay of the *Green* case pending a resolution of whether AIG Property Casualty Company owes Mr. Cosby a defense to those claims.

*First*, where, as here, AIG Property Casualty Company undertook to defend Mr. Cosby against the claims in the *Green* case subject to a reservation of rights, and filed a timely declaratory judgment action, the reasoning and rationale of *Morrison* demonstrates the stay requested is reasonable and consistent with the substantive law of the state that governs the insurance policies and where the *Green* case is pending.

*Second*, AIG Property Casualty Company does not anticipate a lengthy stay of the *Green* proceedings since the Court may decide the coverage issue as a matter of law. All the Court needs to make that determination, *i.e.,* the insurance policies and underlying allegations, are before the Court as attachments to the complaint for declaratory relief. Neither is subject to genuine dispute, and no discovery is necessary.[3] Therefore, the stay sought by the insurer will not unduly delay the disposition of the *Green* case, interfere with the prosecution and defense of that action, or offend notions of judicial efficacy.

*Third*, a brief stay of the *Green* proceedings pending a decision on the duty to defend will not prejudice the parties. While the *Green* plaintiffs no doubt are eager to move ahead with discovery in the wake of the Court's October 9, 2015, order denying Mr. Cosby's motion to dismiss, the sexual assaults, harassment, and misconduct out of which the *Green* plaintiffs' claims arise occurred in the late 1960s and 1970s. The temporal relationship between those events and the claims in the *Green* case make it clear that a stay of discovery to allow the Court to decide whether AIG Property Casualty Company

---

[3] The exclusions preclude coverage for "personal injury" or "liability" that "aris[es] out of" any "actual, alleged or threatened" sexual molestation or abuse. "Alleged" is the key word in the subject exclusions, the effect of which allows the court to decide the coverage issue based solely on the facts alleged in the amended complaints and the insurance policies. Well-reasoned authority supports the application of the exclusions to the underlying plaintiffs' allegations. *See* Howard v. Guidant Mut. Ins. Group., 785 A.2d 561 (R.I. 2001)(construing a policy exclusion for injury arising out of any act of sexual misconduct to bar coverage for a defamation claim); American States Ins. Co. v. Smith, 133 F.3d 363 (5th Cir. 1998)(holding that the insurers had no duty to defend or indemnify church and ministers on claims of defamation, invasion of privacy, breach of fiduciary duty, battery, and other claims originating from pastor's sexual misconduct).

owes a defense to Mr. Cosby is not subject to reasonable protest or objection. Even with a stay, the *Green* plaintiffs will get to conduct discovery and have their day in Court. Whether that begins immediately or sometime in the not-to-distant future does not justify having AIG Property Casualty Company fund Mr. Cosby's defense until the Court decides the duty to defend issue.

## **CONCLUSION**

For the reasons aforementioned, the plaintiff, AIG Property Casualty Company, respectfully requests this Court grant is Plaintiff AIG Property Casualty Company's Motion To Stay Litigation Pending Outcome Of Declaratory Judgment Action, together with such further relief as the Court deems just and proper.

Respectfully submitted,
AIG PROPERTY CASUALTY
COMPANY,
By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ William A. Schneider*

William A. Schneider, BBO #636421
250 Summer Street
Boston, MA 02210
Tel: (617) 439-7573
Fax: (617) 342-4951
*wschneider@morrisonmahoney.com*

### CERTIFICATE OF SERVICE

I, William A. Schneider, hereby certify that on October 15, 2015, I electronically filed the above-referenced document with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Separately, I served a copy of this motion by first class mail upon the following individuals who have an appearance as counsel of record in the case captioned *Tamara Green, Therese Serignese and Linda Traitz v. William H. Cosby, Jr.*, Docket No. 3:14-cv-30211-NGM:

Joseph Cammarata, Esq.
**Chaikin, Sherman, Cammarata & Siegel, P.C.**
1232 Seventeenth Street, N.W.
Washington, DC 20036

Robert P. LoBue, Esq.
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas
New York, NY 10036-6710

*/s/ William A. Schneider*

William A. Schneider