UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 15-30111-MGM |
| TAMARA GREEN, THERESE | * | |
| SERIGNESE, LINDA TRAITZ, and | * | |
| WILLIAM H. COSBY, JR., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO STAY DECLARATORY JUDGMENT
ACTION, AND PLAINTIFF'S MOTION TO STAY
LITIGATION PENDING OUTCOME OF DECLARATORY
JUDGMENT ACTION
(Dkt. Nos. 17 and 26)

December 15, 2015

MASTROIANNI, U.S.D.J.

I.      INTRODUCTION

AIG Property Casualty Company ("AIG") brought this action against William H. Cosby Jr.,

Tamara Green, Therese Serignese, and Linda Traitz seeking a declaration that it has no duty to

defend or indemnify Cosby under two homeowners insurance policies in relation to a defamation

case also pending in this court, *Green v. Cosby*, Case No. 14-cv-30211-MGM ("Underlying

Litigation"), brought by Green, Serignese, and Traitz ("Underlying Plaintiffs"). The policies contain

similar language stating AIG will cover claims against Cosby for "[d]efamation, libel or slander" but

will not cover claims "arising out of any actual, alleged or threatened . . . sexual molestation,

misconduct or harassment." (Dkt. No. 1, Compl. ¶¶ 13, 17.) As would be expected, AIG and Cosby

disagree about whether the policies cover the claims brought in the Underlying Litigation. That

question is not yet before the court, however.

Instead, the only question presently before the court is the sequence in which this action and the Underlying Litigation will be resolved. Cosby asks the court to dismiss on abstention grounds or, in the alternative, to stay this action pending resolution of the Underlying Litigation. (Dkt. No. 17.) In a separate motion, AIG essentially seeks the opposite relief, asking the court to stay the Underlying Litigation pending resolution of this declaratory judgment action. (Dkt. No. 26.) For the following reasons, the court declines to dismiss or stay either action in favor of the other and, therefore, will deny both motions. The court anticipates the insurance issue can be resolved fairly quickly without requiring adjudication of the underlying facts. The Underlying Litigation is still in the very early stages, and this court is in the unique position of presiding over both cases. Accordingly, practical considerations favor proceeding with both actions simultaneously.

## II. BACKGROUND AND PROCEDURAL HISTORY

AIG is an insurance company incorporated in Pennsylvania with its principal place of business in New York. (Compl. ¶ 1.) Green resides in California, Serignese and Traitz reside in Florida, and Cosby resides in Massachusetts. (*Id.* ¶¶ 2-5.) AIG issued Massachusetts Homeowners Policy No. PCG 006004261 ("Massachusetts Policy") and Personal Excess Liability Policy No. PCG 006235889 ("Excess Policy") to Cosby. (*Id.* ¶ 10, 14.) Both policies were in effect from January 1, 2014 to January 1, 2015. (*Id.* ¶¶ 11, 15.) The policies require AIG to "pay damages [Cosby] is legally obligated to pay for personal injury or property damage caused by an occurrence covered by this policy anywhere in the world." (*Id.* ¶¶ 13, 17.)[1] The policies define "personal injury" as including "[b]odily injury," "[s]hock, emotional distress, mental injury," "[i]nvasion of privacy," and "[d]efamation, libel, or slander." (*Id.*, Exs. A and B, at Part I, Definitions.) The Massachusetts Policy

---

[1] The Excess Policy requires AIG to pay such damages "[i]n excess of damages covered by the required underlying insurance or the Minimum Required Underlying Limit, whichever is greater," thereby providing excess indemnity coverage above the limits of the Massachusetts Policy. (*Id.* ¶ 17.)

also requires AIG to "pay the costs to defend [Cosby] against any suit seeking covered damages for personal injury or property damage, even if the suit is false, fraudulent, or groundless." (*Id.* ¶ 13.)

The Massachusetts Policy contains an exclusion which states that it "does not provide coverage for liability, defense costs or any other cost or expense for . . . personal injury arising out of any actual, alleged, or threatened by any person: (a) sexual molestation, misconduct or harassment . . . or (c) sexual, physical or mental abuse." (*Id.* ¶ 13.) Similarly, the Excess Policy contains an exclusion stating it "does not provide coverage for liability, defense costs or any other cost or expense . . . [a]rising out of any actual, alleged or threatened: a. Sexual misconduct, molestation or harassment . . . or c. Sexual, physical or mental abuse." (*Id.* ¶ 17, Ex. B, at Part V, What is Not Covered, Exclusions.)

The Underlying Litigation was commenced on December 10, 2014. (*Green v. Cosby*, Case No. 14-cv-30211-MGM, Dkt. No. 1.) A second amended complaint, which added Serignese and Traitz as plaintiffs along with Green, was filed on April 16, 2015. (*Id.*, Dkt. No. 48.)[2] The second amended complaint asserts defamation claims pertaining to statements issued on behalf of Cosby in response to public allegations of sexual misconduct made by the Underlying Plaintiffs. (*Id.*) On December 12, 2014, Cosby notified AIG of the *Green* lawsuit. (Dkt. No. 19, Decl. of Kimberly A. Umanoff ("Umanoff Decl.") ¶ 5.) On January 6, 2015, AIG sent Cosby a letter stating that it accepted his claim for the *Green* lawsuit, subject to a full reservation of rights. (*Id.* ¶ 7.) On June 26, 2015, AIG filed this declaratory judgment action. (Compl.)[3]

---

[2] On November 13, 2015, after the parties completed briefing on the instant motions, a third amended complaint was filed in the Underlying Litigation, adding as plaintiffs Louisa Moritz, Barbara Bowman, Joan Tarshis, and Angela Leslie, and adding claims for invasion of privacy (false light) and intentional infliction of emotional distress on behalf of all plaintiffs. (*Green v. Cosby*, Case No. 14-cv-30211-MGM, Dkt. No. 109.) AIG represented at the hearing that it intends to file an amended complaint including the new plaintiffs in the Underlying Litigation as defendants here.

[3] That same day, AIG also filed a declaratory judgment action in the United States District Court for the Central District of California regarding its obligations as to a separate, but similar, defamation action brought in California state court: *Dickinson v. Cosby*, case no. BC58090. (Umanoff Decl. ¶ 8.) The California declaratory judgment action involves the same Massachusetts Policy and Excess Policy as this case, as well as a California Homeowners Policy. (*Id.*, Ex. C.) In that action, AIG seeks a declaration that it has no obligation to defend or indemnify Cosby, a declaration that Cosby is not

On September 14, 2015, Cosby filed the motion to dismiss or, in the alternative, to stay this declaratory judgment action. (Dkt. No. 17.) Meanwhile, on October 9, 2015, this court denied Cosby's motion to dismiss the Underlying Litigation, concluding that the second amended complaint alleged actionable defamation claims. *See Green v. Cosby*, Civil Action No. 14-cv-30211-MGM, 2015 WL 5923553 (D. Mass. Oct. 9, 2015). Thereafter, on October 20, 2015, AIG filed its own motion in this action to stay further proceedings in the Underlying Litigation so the insurance issue can be resolved first. (Dkt. No. 26.) The court held a hearing on December 3, 2015, at which counsel for AIG, Cosby, and the Underlying Plaintiffs argued the merits of the two pending motions. (Dkt. No. 41.)

### III.  STANDARD OF REVIEW

AIG's complaint for declaratory relief invokes the Declaratory Judgment Act, which states "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). This discretionary language signifies that unlike the ordinary case, in which federal courts have a "virtually unflagging obligation" to exercise jurisdiction given to them, *Mata v. Lynch*, 135 S.Ct. 2150, 2156 (2015) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)), federal courts retain significant flexibility in deciding whether to exercise jurisdiction over declaratory judgment actions. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952))); *see also Fuller*

---

an "insured person" under the California Policy, and reimbursement of defense costs paid as to the *Dickinson* lawsuit. *(Id.)* The court takes judicial notice of the Underlying Litigation as well as the existence of both the state and federal California actions pursuant to Rule 201 of the Federal Rules of Evidence.

*Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 308 n.3 (1st Cir. 1986) ("[A] federal court's duty to exercise its jurisdiction is relaxed in the declaratory judgment context."). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment . . . ." *Wilton*, 515 U.S. at 288. Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*

Even outside of the declaratory judgment context, "federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992). However, such "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Id.* at 1155.

IV.  DISCUSSION

A.  Cosby's Motion to Dismiss or, in the Alternative, to Stay this Action (Dkt. No. 17)

Cosby's motion asks this court to dismiss or at least stay this action pending the completion of the Underlying Litigation. He provides three separate grounds for this request. First, Cosby invokes the *Wilton/Brillhart* abstention doctrine, which provides that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," a federal court may abstain from exercising jurisdiction over a declaratory judgment action. *Wilton*, 515 U.S. at 283 (citing *Billhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). Second, Cosby invokes the *Colorado River* abstention doctrine, which provides that "when state and federal courts are exercising concurrent jurisdiction contemporaneously it may be appropriate in some instances for the federal court to defer to the state court." *Bacardi Int'l v. V. Suarez & Co., Inc.*,

719 F.3d 1, 14 n.17 (1st Cir. 2013) (citing *Colo. River*, 424 U.S. at 817). Third, Cosby cites *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1162 (Cal. 1993), a California case which provides that an insurance coverage lawsuit which could prejudice the insured in defending the underlying action should be stayed pending resolution of the underlying litigation.

As the descriptions above suggest, both abstention doctrines appear to contemplate a pending state-court action. Here, of course, there is no parallel state-court action; rather, the Underlying Litigation is pending before this same court.[4] Cosby, however, asserts that a pending state-court action is not required. Instead, he argues, it is only the *availability* of a state court to address these state-law insurance issues that is important. Even if Cosby is correct that a pending state-court action is not required, the cases he cites in support of this proposition recognize that "the existence of a parallel state proceeding would be a major factor in the district court's consideration of 'practicality and wise judicial administration.'" *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754 (9th Cir. 1996) (quoting *Wilton*, 515 U.S. at 288), *overruled in part on other grounds by Government Employees Ins. Co. v. Dizol*, 13 F.3d 1220, 1277 (9th Cir. 1998); *see Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998) ("Clearly, the existence of [a parallel state-court proceeding] should be a significant factor in the district court's determination."); *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144 (3d Cir. 2014) ("[T]he absence of pending parallel state proceeding militates significantly in favor of exercising jurisdiction . . . ."). And, while the Declaratory Judgment Act itself gives the court discretion to decline to exercise jurisdiction here, Cosby has not cited any case in which a federal court abstained in favor of a pending *federal* court action, much less a case pending before the same judge. Moreover, as to Cosby's argument that "[i]t is preferable to allow state courts to determine substantive state insurance law issues," (Dkt. No. 18,

---

[4] In addition, abstention under *Colorado River* requires "exceptional circumstances," *Colorado River*, 424 U.S. at 813, which also are not present here.

Cosby's Mem. Law at 8), this court properly has diversity jurisdiction and does not believe this case presents particularly novel or complex state-law issues such that AIG should be required to proceed in state court.

Most importantly, as AIG argues, in deciding whether it owes Cosby a duty to defend,[5] this court will not have to resolve any of the factual issues at stake in the Underlying Litigation. *See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 545 N.E.2d 1156, 1158 (Mass. 1989) ("The obligation of an insurer to defend is not, and cannot be, determined by reference to the facts proven at trial."). Instead, "[t]he duty to defend is determined based on the facts alleged in the complaint, and on facts known or readily knowable by the insurer that may aid in its interpretation of the allegations in the complaint." *Billings v. Commerce Ins. Co.*, 963 N.E.2d 408, 414 (Mass. 2010. "In order for the duty of defense to arise, the underlying complaint need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage." *Id.* (quoting *Sterilite Corp. v. Continental Cas. Co.*, 458 N.E.2d 338, 341 (Mass. App. Ct. 1983)). "An insurer has a duty to defend an insured when the allegations in a complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms." *Id.*

Moreover, this is not a case in which the insurance company seeks to exclude coverage based on questions of fact, such as whether the insured acted intentionally rather than negligently. Rather, the question here is simply whether the claims for defamation "aris[e]" out of sexual misconduct such that they fit within the exclusions, and this is a question of law that can be decided primarily, if not exclusively, based on the allegations set forth in the underlying complaint. Accordingly, adjudicating this issue presents no risk of inconsistent findings with the Underlying Litigation and,

---

[5] Although AIG seeks a declaration regarding both its duty to defend and its duty to indemnify, the court will focus on the duty to defend, as the parties have primarily addressed that issue in their briefing. In addition, "[t]he duty to defend . . . is antecedent to, and independent of, the duty to indemnify," as well as broader than the duty to indemnify. *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 545 N.E.2d 1156, 1158 (Mass. 1989). To the extent a ruling on AIG's duty to indemnify is not ripe, the court can address that issue by way of a substantive motion to dismiss or other dispositive motion, rather than in the context of a motion to stay this action in its entirety.

thus, no risk of prejudice to Cosby in that action. Following Cosby's reasoning, every declaratory

judgment action involving an insurance dispute which relates to an underlying case should be

dismissed or stayed because of a purported "overlap" between the issues. Clearly, however, that is

not true; a declaratory judgment action will only prejudice the defendant in the underlying case when

the *same issues* are implicated in both, and this is not the case here.

The *Montrose* decision Cosby relies on recognized this same concept. The court explained

that "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a

stay of the declaratory relief action pending resolution of the third party suit is appropriate when the

coverage question turns on the facts to be litigated in the underlying action." *Montrose Chemical Corp.*,

861 P.2d at 1162. "For example, when the third party seeks damages on account of the insured's

negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the

third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in

the underlying litigation is obvious." *Id.* at 302. "By contrast," the court continued, "when the

coverage question is logically unrelated to the issues of consequence in the underlying case, the

declaratory relief action may properly proceed to judgment." *Id.* That latter category of cases is the

situation here, at least with regard to the duty to defend issue.[6]

The court therefore will deny Cosby's motion to dismiss or, in the alternative, to stay this

action pending resolution of the Underlying Litigation.

---

[6] The court also notes that on November 13, 2015, after the parties finished briefing the pending motions, the California federal court issued a decision granting Cosby's motion to dismiss and holding that AIG has a duty to defend him in the *Dickinson* lawsuit. (Dkt. No. 37, Ex. A.) *See supra* footnote 3. Cosby explained at the hearing that if this court denies his current motion, he will file a Rule 12(b)(6) motion based, at least in part, on the purported binding effect of the California decision following the filing of a forthcoming amended complaint; AIG indicated its belief that the California decision will not control this action. The court therefore anticipates that it will have the opportunity to address, and perhaps resolve, the merits of the duty to defend issue, including a possible collateral estoppel argument, shortly in the context of a substantive motion to dismiss, motion for judgment on the pleadings, or, perhaps, expedited summary judgment motion practice.

B.   AIG's Motion to Stay Underlying Litigation (Dkt. No. 26)

AIG, for its part, filed a motion to stay the Underlying Litigation case following this court's

denial of Cosby's motion to dismiss in that action. In support, it cites *Metropolitan Prop. & Cas. Ins.*

*Co. v. Morrison*, in which the Supreme Judicial Court explained:

> Where there is uncertainty as to whether an insurer owes a duty to defend, the insurer
> has the option of providing the insured with a defense under a reservation of rights,
> filing a declaratory judgment action to resolve whether it owes a duty to defend or to
> indemnify, *moving to stay the underlying action until a declaratory judgment enters*, and
> withdrawing from the defense if it obtains a declaration that it owes no duty to the
> insured.

951 N.E.2d 662, 668 (Mass. 2011) (emphasis added). AIG argues staying the Underlying Litigation

while this insurance issue is resolved will not prejudice Cosby or the Underlying Plaintiffs because

the stay would be short in duration. AIG also argues that the alleged sexual assaults at issue in the

Underlying Litigation occurred many years ago, so it is not unreasonable for the parties to wait

slightly longer, especially when AIG is incurring expenses funding Cosby's defense in the meantime.

As the Underlying Plaintiffs argue, however, AIG's motion is procedurally improper. AIG

may not request a stay of another action by filing its motion here, nor may it seek a stay of a case in

which it is not a party. Instead, if AIG wishes to obtain a stay in the Underlying Litigation, it first

must move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure, and then it

must file its motion in that action. *See, e.g., CSX Transp., Inc. v. Alban Waste, LLC*, Civil Nos. JKB-13-

1770, JKB-14-137, 2014 WL 1340041, at *3 (D. Md. April 2, 2014); *Fairview Health Servs., Inc. v.*

*Christian Cmty. Homes & Servs., Inc.*, 2005 WL 5015391, at *2 (D. Minn. Oct. 14, 2005).[7]

Nevertheless, because AIG likely could intervene in the Underlying Litigation under Rule

24(b), s*ee Morra v. Casey*, 960 F. Supp. 2d 335, 338 (D. Mass. 2013), and because this court is also

presiding over that action and thus would have to decide whether to stay the matter if AIG

---

[7] AIG also could move to consolidate the two actions pursuant to Rule 42 of the Federal Rules of Civil Procedure, but it
has not has not made such a request.

successfully intervened, the court will address this issue in the interest of judicial economy. First, the court does not believe *Morrison* governs this procedural issue in federal court, *see, e.g.*, *Markel Int'l Ins. Co. v. O'Quinn*, 566 F. Supp. 2d 1374, 1378 n.4 (S.D. Ga. 2008), or provides any guidance as to when a stay is appropriate. Second, contrary to AIG's arguments, the fact that the underlying events took place long ago and the duty to defend issue can be resolved quickly militates against, not for, staying the Underlying Litigation. As the alleged sexual assaults occurred in the 1960s and 1970s, delaying the Underlying Litigation "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Clinton v. Jones*, 520 U.S. 681, 707-708 (1997). In addition, as Cosby and the Underlying Plaintiffs point out, if AIG is correct that this insurance issue can be resolved soon, then AIG will not have to incur significantly more costs in defending Cosby and denying a stay will encourage AIG to seek a quicker resolution.

Accordingly, the court will deny AIG's motion to stay the Underlying Litigation.

## V.  CONCLUSION

For the foregoing reasons, the court DENIES Cosby's motion to dismiss or, in the alternative, to stay this action pending resolution of the Underlying Litigation (Dkt. No. 17), as well as AIG's motion to stay the Underlying Litigation pending resolution of this action (Dkt. No. 26).

It is So Ordered.


  _/s/ Mark G. Mastroianni_
MARK G. MASTROIANNI
United States District Judge