UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 15-30111-MGM |
| TAMARA GREEN, THERESE | * | |
| SERIGNESE, LINDA TRAITZ, and | * | |
| WILLIAM H. COSBY, JR., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION TO JOIN PARTY DEFENDANTS
(Dkt. No. 73)

March 28, 2016

MASTROIANNI, U.S.D.J.

## I.   INTRODUCTION

AIG Property Casualty Company ("AIG") brought this action against William H. Cosby Jr.,

Tamara Green, Therese Serignese, and Linda Traitz seeking a declaration that it has no duty to

defend or indemnify Cosby under two homeowners insurance policies in relation to a defamation

case also pending in this court, *Green v. Cosby*, Case No. 14-cv-30211-MGM ("Underlying

Litigation"). When AIG commenced this action, Green, Serignese, and Traitz were the only

plaintiffs in the Underlying Litigation. Since that time, additional plaintiffs joined the Underlying

Litigation by way of a third amended complaint: Louisa Moritz, Barbara Bowman, Joan Tarshis, and

Angela Leslie. Presently before the court is AIG's motion to join these additional underlying

plaintiffs as defendants in this action. (Dkt. No. 73.)

AIG's motion has not been opposed on the merits.[1] In the Underlying Litigation, the third amended complaint alleges Tarshis is a citizen of New York. (*Green v. Cosby*, Case No. 14-cv-30211-MGM, Dkt. No. 109 ¶ 9.) In this action, AIG alleges its principal place of business is in New York. (Dkt. No. 1, Compl. ¶ 1.) The court, therefore, directed the parties to address "whether the addition of Joan Tarshis as a defendant destroys complete diversity of citizenship . . . and to what extent Rule 19(b) of the Federal Rules of Civil Procedure is implicated." (Dkt. No. 78.) AIG and Cosby each filed supplemental memoranda on this issue, as directed. (Dkt. Nos. 86, 87.) For the following reasons, the court will grant the relief requested in AIG's original motion because it concludes the joinder of Tarshis will not deprive the court of subject matter jurisdiction. The court will also direct AIG to file an amended complaint reflecting the new defendants and the latest claims in the Underlying Litigation.

## II. PROCEDURAL HISTORY

On December 10, 2014, Green filed a complaint against Cosby for defamation. (*Green v. Cosby*, Case No. 14-cv-30211-MGM, Dkt. No. 1.) A second amended complaint, which added Serignese and Traitz as plaintiffs along with Green, was filed on April 16, 2015. (*Id.*, Dkt. No. 48.) AIG commenced this declaratory judgment action on June 26, 2015. (Compl.) On November 13, 2015, a third amended complaint was filed in the Underlying Litigation, adding as plaintiffs Moritz, Bowman, Tarshis, and Leslie, and adding claims for invasion of privacy (false light) and intentional infliction of emotional distress on behalf of all the underlying plaintiffs. (*Green v. Cosby*, Case No. 14-cv-30211-MGM, Dkt. No. 109.)

On December 3, 2015, the court held a hearing in this action on cross motions filed by Cosby and AIG: Cosby's motion to dismiss or, in the alternative, to stay this declaratory judgment

---

[1] Cosby did, however, file a partial opposition, explaining that while he did not oppose joinder of the additional underlying plaintiffs, he did oppose AIG's request to do so without amending its complaint. (Dkt. No. 76.) That issue will be addressed below.

action; and AIG's motion to stay the Underlying Litigation pending the outcome of this declaratory judgment action. (Dkt. No. 41.) Cosby's motion did not seek dismissal on the merits but, rather, asked the court to abstain from exercising jurisdiction or to stay this action pending the completion of the Underlying Litigation. (Dkt. No. 17.) AIG's motion essentially sought the opposite relief, asking the court to stay the Underlying Litigation pending resolution of this action. (Dkt. No. 26.) The court denied both motions and opted to proceed with both action simultaneously. *AIG Prop. Cas. Co. v. Green*, --- F. Supp. 3d ----, 2015 WL 8779732 (D. Mass. Dec. 15, 2015). As noted in that decision, "AIG represented at the hearing that it intends to file an amended complaint including the new plaintiffs in the Underling Litigation as defendants here." *Id.* at *2 n.2; *see also* Dkt. No. 47, Tr. of Mot. Hr'g Dec. 3, 2013, at 27 ("Our declaratory judgment complaint only concerns the three but I've already initiated a local rule conference about amending the complaint to make sure we get all the interested parties in and those parties are necessary in order for AIG to obtain complete relief.").[2] Despite this representation, AIG did not file the instant motion until March 2, 2016, the deadline for doing so under the Scheduling Order issued by Magistrate Judge David Hennessy. (Dkt. No. 67.)

AIG argued in its motion to join that Moritz, Bowman, Tarshis, and Leslie should be added as defendants in this action under Rule 19(a) of the Federal Rules of Civil Procedure because, without doing so, the court could not grant complete relief. (Pl's Mot. to Join Party Defs. at 3 ("[T]he Court should join each of the *Green* plaintiffs to this case so the adjudication of coverage also takes place in one proceeding and is binding on all interested parties." (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Massachusetts Mun. Wholesale Elec. Co.*, 117 F.R.D. 321 (D. Mass. 1987)); *id.* at 4 ("Joinder will allow the Court to grant complete relief. Although this court could issue a

---

[2] The third amended complaint in the Underlying Litigation was not filed until after the parties completed briefing the cross motions which were the subject of the December 3, 2015 hearing.

declaratory judgment declaring the insurance policies at issue do not apply to the claims asserted by the *Green* plaintiffs, that ruling would not be binding on Louisa Moritz, Barbara Bowman, Joan Tarshis, and Angela Leslie if they are not parties to this proceeding." (citing *Eagle-Picher Indus., Inc. v. Liberty Mut. Ins. Co.*, 682 F.2d 12, 16 n. 1 (1st Cir. 1982), and *Lopez v. Arrasas*, 606 F.2d 347, 352 (1st Cir. 1979)).) AIG also asserted, without explanation, that "[j]oinder of Louisa Moritz, Barbara Bowman, Joan Tarshis, and Angela Leslie will not deprive the Court of jurisdiction." (*Id.* at 3.) In addition, AIG took the position that joining these individuals does not require an amendment to its complaint. (*Id.* at 3-4.) Counsel for the underlying plaintiffs consented to AIG's motion. (*Id.* at 5.) Cosby filed an opposition which merely took issue with AIG's argument that it need not amend its complaint but otherwise did not oppose joining the additional underlying plaintiffs as defendants. (Dkt. No. 76.)

On March 4, 2016, the court directed the parties to address by March 18, 2016 whether adding her as a defendant would destroy complete diversity of citizenship and the extent to which Rule 19(b) of the Federal Rules of Civil Procedure is implicated. (Dkt. No. 78.) In AIG's supplemental memorandum, it acknowledged that "joinder of Joan Tarshis does not appear feasible given [her] citizenship and the jurisdictional requirements and limitations set forth in the provisions of 28 U.S.C. § 1332," but argued the court may join all the additional underlying plaintiffs except her so as to preserve subject matter jurisdiction. (Dkt. No. 86, at 1, 5.) Notably, AIG explained that it "did not move for joinder on the ground the Court *must* join all the *Green* plaintiffs to grant relief, or on the grounds that the *Green* plaintiffs were necessary or indispensable parties." (*Id.* at 2.) In apparent contradiction with its original motion to join and its counsel's representation at the December 3, 2015 hearing, AIG proceeded to argue that the additional underlying plaintiffs were not "necessary" parties under Rule 19(a). (*Id.* at 7-12.) It also argued that even if Tarshis is a necessary party under Rule 19(a), she is not an "indispensable" party under Rule 19(b) and,

therefore, the action should proceed without her and should not be dismissed. (*Id.* at 13-19.) In the alternative, AIG asserted the addition of Tarshis would not destroy subject matter jurisdiction because she is a dispensable party and her interest in this action arose after AIG originally filed its complaint. (*Id.* at 19-20.) In Cosby's supplemental memorandum, he argued that the addition of Tarshis would destroy subject matter jurisdiction because both AIG and Tarshis are citizens of New York for diversity purposes. (Dkt. No. 87, at 4-5.) He also argued none of the underlying plaintiffs are necessary parties and, if that is the case, "then joinder should be denied and the underlying plaintiffs that AIG previously included should be dismissed." (*Id.* at 9.)[3] AIG and Cosby have each demonstrated a lack of consideration and foresight about this issue and now each has reversed themselves without detailed explanation.[4]

## III. STANDARD OF REVIEW

Rule 19(a) of the Federal Rules of Civil Procedure provides in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations of the interest.

Paragraph (b) of Rule 19 provides:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence

---

[3] Cosby also suggested that "if AIG wants the underlying plaintiff to be bound by this lawsuit, it could enter into a 'follow-the-fortunes' stipulation, whereby the underlying plaintiffs need not be parties to this action, but would agree to be bound by the rulings made here." (*Id.* at 8.)

[4] Counsel for the underlying plaintiffs has not taken a position on the jurisdictional issue or whether the failure to include Tarshis as a defendant here will prejudice her in any way.

would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

The First Circuit has explained that

> Rule 19 addresses circumstances in which a lawsuit is proceeding without particular parties whose interest are central to the suit. It provides for the joinder of such "necessary" parties when feasible. Fed. R. Civ. P. 19(a). It then provides for the dismissal of suits when the court determines that the joinder of the "necessary" parties is not feasible, but that they are, nonetheless, so "indispensable" that the suit must not be litigated without them. Fed. R. Civ. P. 19(b).

*Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 15 (1st Cir. 2008).[5] Moreover, the First Circuit has explained:

> In proceeding with its inquiry into both necessity and indispensability, a district court should keep in mind the policies that underlie Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them."

*Id.* at 15-16 (quoting *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982).

## II. DISCUSSION

The court will first consider the jurisdictional issue it directed the parties to address: whether the joinder of Tarshis as a defendant would deprive the court of subject matter jurisdiction by destroying complete diversity of citizenship. Although the parties failed to raise this issue, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). AIG's complaint asserts a claim arising under Massachusetts law and, therefore, invokes 28 U.S.C. § 1332 as the basis for this court's subject matter jurisdiction.[6] Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all

---

[5] Rule 19 no longer contains the words "necessary" or "indispensable," but instead uses the word "required" in place of "necessary" and simply "discarded as redundant" the word "indispensable" since it was "used only to express a conclusion reached by applying the tests of Rule 19(b)." Advisory Committees Notes. Nevertheless, the court uses the traditional terminology throughout this decision for convenience. *See Picciotto*, 512 F.3d at 16 n.10.

[6] Although the complaint also invokes the Declaratory Judgement Act, 28 U.S.C. § 2201, that statute does not itself confer subject matter jurisdiction but, instead, provides a discretionary remedy for disputes which independently satisfy a federal court's subject matter jurisdiction requirements. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 15-16 (1983); *see also* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the

civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "This statutory grant requires *complete* diversity between the plaintiffs and defendants in an action," *Picciotto*, 512 F.3d at 17, meaning that all parties on one side of the litigation must be "citizens of different states from all parties on the other side," *City of Indianapolis v. Chase Nat'l Bank of New York*, 314 U.S. 63, 69 (1941). In other words, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 53-54 (1st Cir. 2009). A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Based on the operative complaints in both this action and the Underlying Litigation, AIG's principal place of business is in New York, and Tarshis is also a citizen of New York. (Compl. ¶ 1; *Green v. Cosby*, Case No. 14-cv-30211-MGM, Dkt. No. 109 ¶ 9.) Therefore, it would appear joining Tarshis as a defendant here would destroy complete diversity of citizenship and thus deprive the court of subject matter jurisdiction.

There are exceptions to the complete diversity rule, however. As the First Circuit has explained, "[t]he rule is most inflexibly applied at the time of filing, for it has long been settled that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *In re Olympic Mills Corp.*, 477 F.3d 1, 7 (1st Cir. 2007) (quoting *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004)). "The postfiling context is more elastic because, as a general matter, 'if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.'" *Id.* (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). Indeed, the Supreme Court has announced that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action," at least where the new non-diverse

---

Unites States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .").

party "was not an 'indispensable' party at the time the complaint was filed." *Freeport-McMoRan, Inc.*, 498 U.S. at 428.

The court recognizes that the First Circuit has read *Freeport-McMoRan* narrowly, restricting its application to postfiling transfers of interest under Rule 25. *See American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 140 (1st Cir. 2004). In that case, however, the First Circuit went out of its way to explain it did "not pretend that the jurisdictional question is totally free from doubt" and emphasized that the transfer of interest at issue there occurred well before the action was commenced. *Id.* at 140-42. Therefore, had the plaintiff originally included the non-diverse defendant in the complaint, it would have been clear jurisdiction was lacking, and to permit the plaintiff to do in two steps what it could not have done in one "would allow for the easy circumvention of" the complete diversity requirement and create a large "loophole." *Id.* 140-41; *see also In re Olympic Mills Corp.*, 477 F.3d at 11 ("[A] plaintiff cannot circumvent diversity by artful pleading; otherwise, 'a plaintiff could leave non-diverse defendants out of the original lawsuit and then wait for them to be impleaded or otherwise joined.'" (quoting *Acton Co., Inc. of Mass.*, 668 F.2d at 79). In a more recent case, the First Circuit also considered these concerns and concluded that the intervention of a "dispensable, nondiverse" defendant whose interests in the litigation did not arise until *after* the action was commenced does not destroy subject matter jurisdiction. *In re Olympic Mills Corp.*, 477 F.3d at 11-12. The First Circuit explained that because the interest arose postfiling "[t]here was thus no two-step evasion of the diversity requirement." *Id.*; *see id.* at 12 ("[T]he weight of authority holds that claims launched by necessary but dispensable, nondiverse defendant-intervenors do not defeat the original jurisdiction (diversity) that obtained at the commence of the action.").

Although the First Circuit in *Olympic Mills Corp.* addressed intervention under Rule 24(a)(2) and not (at least directly) joinder under Rule 19, those two provisions were intended to be "counterparts." *Pujol v. Shearson Am. Express, Inc.*, 877 F.2d 132, 135 (1st Cir. 1989); Advisory

Committee Note to Rule 24; *see also Amgen Inc. v. F. Hoffman-LaRoche Ltd.*, 456 F. Supp. 2d 267, 280 (D. Mass. 2006) ("Rule 19 covers necessary [parties] who are not a part of the litigation and provides a way involuntarily to bring them into the case, whereas Rule 24(a) provides necessary [parties] a right to intervene should they so choose. Thus, if a party would be necessary to the litigation under Rule 19, then it should be allowed to intervene as of right under Rule 24(a).") The court therefore believes the First Circuit would reach the same conclusion it did in *Olympic Mills Corp.* when addressing joinder under Rule 19. That is, the joinder of a dispensable, nondiverse defendant does not destroy subject matter jurisdiction if her interest in the litigation arose after the action was commenced. *See Olympic Mills Corp.*, 477 F.3d at 11-12; *cf. Erlich v. Ouellette, Labonte, Roberge & Allen, P.A.*, 637 F.3d 32, 34 n.2 (1st Cir. 2011).

Such a rule appears somewhat counterintuitive, in that a court is called upon to conduct an indispensability analysis under Rule 19(b) for purposes of deciding whether the joinder deprives the court of subject-matter jurisdiction (*i.e.*, whether joinder is "feasible") under Rule 19(a). Under a straightforward application of Rule 19, a court asks whether the joinder of a "necessary" party is feasible and, if not, then considers whether that party is "indispensable," such that the entire action should be dismissed in the party's absence, or is merely "dispensable," in which case the action continues and the missing party is not joined. Under the approach employed in *Olympic Mills Corp.*, however, the analysis of paragraphs (a) and (b) of Rule 19 merge, and if a court determines the missing party (whose interest arose after the action commenced) is dispensable, it never has to withhold joinder to preserve jurisdiction. Nevertheless, that is the approach required by the First Circuit and there is ample case law in support. *In re Olympic Mills Corp.*, 477 F.3d at 11-12; *see Freeport-McMoRan, Inc.*, 498 U.S. at 428; *Wichita R.R. & Light Co. v. Pub. Util. Comm'n of Kansas*, 260 U.S. 48, 54 (1922); *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006); *Salt Lak Tribune Pulb'g Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1095-97 (10th Cir. 2003); *Dominion Austin Partners,*

*L.C.C. v. Emerson*, 248 F.3d 720, 725 (10th Cir. 2001); *Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir. 1992); *Ruiz-Hance v. Puerto Rico Aqueduct & Sewer Auth.*, 596 F. Supp. 2d 223, 228 (D.P.R. 2009). One way of making sense of this approach is to recall the concerns over a two-step evasion of diversity requirements. If the nondiverse missing party was indispensable at the time suit was filed, then the plaintiff should have joined her initially, and the failure to do so dooms the suit *ab initio. See Am. Nat'l Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577-582 (7th Cir. 1984) ("So the fact that a resident of the plaintiff's state intervenes will not require the plaintiff to abandon his suit unless the resident was an indispensable party at the time the suit was filed—in which event the plaintiff should have joined him at the outset, and if he had done so the court would have known that complete diversity was lacking."). Having framed the subject matter jurisdiction issue, the court now turns to the Rule 19 analysis.

AIG asserted in its motion to join that the underlying plaintiffs are necessary parties under Rule 19(a). Neither Cosby (in his opposition) nor counsel for the underlying plaintiffs took issue with this position. Indeed, this appears to be the majority view and is consistent with First Circuit precedent. As the First Circuit explained in 1949,

> Where an insured is being sued by a tort-claimant, and there is a genuine controversy between the insurer and the insured as to whether the tort liability thus being asserted is of a type covered by the contract of indemnity, and whether therefore the insurer is under an immediate contractual obligation to defend the suit on behalf of the insured, it has been held that a federal court may entertain a complaint by the insurer for a declaratory judgment, naming the insured *and the tort-claimants as defendants.*

*Indemnity Ins. Co. of North America v. Kellas*, 173 F.2d 120, 124 (1st Cir. 1949) (emphasis added). The First Circuit continued: "Perhaps it would be more accurate to base the jurisdiction of the court, in this type of case, on the actual and immediate controversy between the insurer and the insured, *the tort-claimant being joined as a necessary and proper party in order that the court may be enabled to give more complete relief." Id.* (emphasis added). The First Circuit explained that "[i]t is obviously desirable that the tort-claimant should be concluded by the declaration of noncoverage; otherwise he would be free to

litigate this same issue in a subsequent proceeding which he, if successful in obtaining judgment against the insured, might bring against the insurance company." *Id.* at 124-25; *see Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 274 (1941). The possibility that the underlying claimant, not bound by a declaratory judgment if not made a party, could re-litigate the insurance issue led the court in *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 117 F.R.D. at 323, to conclude that the claimant is a necessary party under Rule 19(a)(1)(A). If the claimant is not a made a party to the declaratory judgment action, the court explained, complete relief could be accorded to the insurance company. *Id.* Similar considerations arise out of the declaratory judgment context: "Generally, 'all interested parties should be joined in a declaratory judgment action whenever possible,' in keeping with the purpose of the Declaratory Judgment Act to fully and finally adjudicate the controversy at issue." *RFF Family P'ship, LP v. Link Dev., LLC*, 849 F. Supp. 2d 131, 137 (D. Mass. 2012) (quoting *State Farm Mut. Auto. Ins. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975)).

Accordingly, consistent with the parties' positions on the issue as of February 4, 2016 (before the court raised the jurisdictional issue), the court assumes all the underlying plaintiffs, including Tarshis, are necessary parties under Rule 19(a).[7] *See In re Olympic Mills Corp.*, 477 F.3d at 8 (assuming absentees are necessary parties under Rule 19(a)). The court therefore proceeds to Rule 19(b) to determine whether Tarshis was an indispensable party at the time the action commenced. As explained above, if Tarshis was not an indispensable party at that time, then her joinder does not destroy subject matter jurisdiction and thus is "feasible."

It is clear Tarshis is not an indispensable party, and she certainly was not at the time AIG commenced this action. Her interest in this declaratory judgment action only arose after she became

---

[7] Even if the underlying plaintiffs are not necessary parties under Rule 19(a), they still could be joined under Rule 20, which governs permissive joinder. *See, e.g., Essex Ins. Co. v. Westerly Granite Co., Inc.*, 2014 WL 4996693, at *3 n.3 (D.R.I. Oct. 7, 2014) ("The Court need not decide whether the Moving Defendants are necessary and/or indispensable parties, as they are proper parties to this declaratory judgment action." (citing Fed. R. Civ. P. 20)).

a plaintiff in the Underlying Litigation, which did not occur until November 13, 2015, almost five months after AIG filed its complaint. Prior to becoming a plaintiff, Tarshis had no legally protected interest in this insurance dispute, because the prospect of recovering damages from Cosby for defamation in the Underlying Litigation did not exist yet. Correspondingly, AIG cannot be blamed for failing to include her among the defendants. Even now, the court concludes, Tarshis is a dispensable party. Her interests would be adequately protected by the other underlying plaintiffs, all of whom have identical interests as her and are represented by the same counsel. *See, e.g.*, *Prescription Plan Serv. Corp. v. Franco*, 552 F.2d 493, 497 (2d Cir. 1977). Again, in the circumstances of this case, the fact that she is dispensable means that her joinder is feasible.

Lastly, the court concludes AIG must file an amended complaint including these additional underlying plaintiffs as defendants and accurately reflecting the new claims asserted in the third amended complaint in the Underlying Litigation. The First Circuit has explained it "fail[s] to comprehend how [the absent party] could be joined as a defendant here unless the [the plaintiffs] were ordered to amend their complaint to assert claims against her." *Picciotto*, 512 F.3d at 22. The court infers AIG does not wish to amend its complaint in order to avoid a Rule 12(b)(6) motion filed by Cosby. But that is not a legitimate reason for failing to file a required pleading. Moreover, that precise result has been anticipated since at least the hearing on December 3, 2015. *See AIG Prop. Cas. Co.*, --- F. Supp. 3d ----, 2015 WL 8779732, at *4 n.6 ("Cosby explained at the hearing that if this court denies his current motion, he will file a Rule 12(b)(6) motion based, at least in part, on the purported binding effect of the California decision following the filing of a forthcoming amended complaint . . . ."). In any event, the deadline for filing dispositive motions is fast approaching. Thus, even if Cosby does not file a motion to dismiss, motions for judgment on the pleadings or summary judgment are likely. And regardless of whether Cosby files a motion to dismiss, nothing precludes AIG from filing its own motion which seeks affirmative relief on its own behalf.

## V.  CONCLUSION

For the foregoing reasons, the court ALLOWS AIG's motion to join party defendants (Dkt. No. 73), and grants AIG leave to file an amended complaint. The amended complaint shall be filed by April 1, 2016.

It is So Ordered.

        /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge